**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1610-17T4

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE,
ON BEHALF OF THE HOLDERS
OF THE ASSET BACKED PASS-
THROUGH CERTIFICATES,
SERIES RFC 2007-HE1,

      Plaintiff-Respondent,

v.

ERIC HAYDEN and MIESHA
HARDISON-HAYDEN,

      Defendants-Appellants,

and

WELLS FARGO FINANCIAL BANK,

      Defendant.
_____

      Submitted December 17, 2018 – Decided January 24, 2019

      Before Judges Messano and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-006884-13.

Eric Hayden and Miesha Hardison-Hayden, appellants pro se.

Parker Ibrahim & Berg, LLP, attorneys for respondent (Charles W. Miller, III, and Nicholas Spindler, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Eric Hayden and Miesha Hardison-Hayden appeal from a June 20, 2014 Chancery Division order, striking their answer, entering default against them, and granting summary judgment to plaintiff, U.S. Bank National Association, as Trustee, on behalf of the holders of the Asset Backed Pass-Through Certificates, Series RFC 2007-HE1. Defendants also appeal from the January 6, 2016 Chancery Division order, reinstating plaintiff's complaint, and the October 20, 2017 Chancery Division order, entering final judgment of foreclosure. Defendants argue the trial court erred by finding plaintiff had standing to bring the foreclosure action, and abused its discretion in allowing plaintiff to reinstate its complaint. We disagree and affirm.

We derive the following facts from evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, viewed in the

2

light most favorable to defendants. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)). On July 27, 2006, defendants executed a $296,000 promissory note with a 2036 maturity date in favor of Aegis Funding Corporation (Aegis), and, to secure the note, a mortgage in the same amount to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Aegis, encumbering residential property located in South Orange. The mortgage was recorded on October 12, 2006, in the Essex County Register's Office.

Defendants defaulted on the loan on July 1, 2011. A Notice of Intent to Foreclose (NOI) was sent to defendants on April 20, 2012, by MERS's servicer, Select Portfolio Servicing, Inc. (SPS). On October 31, 2012, the mortgage was assigned to plaintiff by MERS, as nominee for Aegis. The assignment was executed "on behalf of [MERS]" by SPS's assistant secretary, Bill Koch. On November 16, 2012, the assignment was recorded in the Essex County Register's Office.

On March 4, 2013, plaintiff filed a foreclosure complaint.[1] On April 11, 2013, defendants filed a contesting answer containing twelve affirmative

---

[1] As a holder of an interest subordinate to plaintiff's mortgage lien, plaintiff joined Wells Fargo Financial Bank as a defendant to the action.

A-1610-17T4

defenses, including lack of standing. On March 28, 2014, plaintiff moved for summary judgment, and an order striking defendants' answer, entering default, and transferring the case to the Office of Foreclosure to proceed as an uncontested matter. To support its motion, plaintiff submitted a certification by SPS's Document Control Officer, Paige Bushnell (the Bushnell certification). In her certification, Bushnell explained that she had

> access to records that were created and kept in the ordinary course of business by [SPS] as part of its regularly conducted business activities in connection with the subject mortgage loan, and more particularly, . . . [was] familiar with the systems that [SPS] uses to record and create information related to the mortgage loans it services, including the processes by which [SPS] obtains the loan information in those systems[,] [and] [w]hile much of the information [was] entered through automated processes, where [SPS] employees manually enter[ed] data, they ha[d] personal knowledge of that information and enter[ed] it into the system at or near the time they acquire[d] that knowledge.

Further, Bushnell stated she was "familiar with" and had "personally reviewed" the "records acquired by [SPS] from any prior loan servicers for the subject loan, including the loan origination file and servicing records." She certified that the "[n]ote [was] endorsed in[] blank[,]" and "[t]he [n]ote and [m]ortgage were . . . transferred to [p]laintiff, who acquired possession of [both] on January 1, 2007[,]" as a result of a pooling and servicing agreement.

According to Bushnell, "the loan went into default" when defendants "failed to make monthly payments when they became due" and "[t]he [m]ortgage was assigned to [p]laintiff on October 31, 2012[.]" Copies of the documents referenced in her certification were attached as exhibits, including the note, mortgage, pooling and servicing agreement, assignment of mortgage, and NOI.

Defendants opposed the motion and cross-moved to dismiss the complaint. In his supporting certification, Eric Hayden asserted that "[t]here was an error of some kind on the [n]ote and it was voided[,]" and "[p]laintiff has not produced a valid original [n]ote." He also claimed that "Bill Koch [was] a known [r]obo [s]igner," that "[t]he [c]orporate [a]ssignment of [m]ortgage dated October 30, 2012[,] [was] unrecorded[,]" and that plaintiff's interrogatory answers were evasive.

On June 20, 2014, following oral argument, Judge Thomas M. Moore granted plaintiff summary judgment and denied defendants' cross-motion in an oral opinion. After identifying the "three material issues" in a foreclosure action, namely "the validity of the documents[,]" "the default itself[,]" and "standing" to foreclose, Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952), the judge determined that there were no genuine issues of material fact in dispute precluding summary judgment, Brill, 142 N.J. at 529. Further,

the judge found that "none of the pleadings responsive to the complaint either contest[ed] the validity or priority of the mortgage[,] . . . or create[d] an issue with respect to plaintiff's right to foreclosure[,]" Rule 4:64-1(c)(2).

Specifically, as to the validity of the documents, the judge accepted the "certification of Paige Bushnell, . . . who establishe[d] possession of the original note and mortgage, and the subsequent documents."  Contrary to defendants' assertion, the judge found no evidence of any "alleged error" on the original note, which plaintiff's counsel actually produced in court.  The judge also rejected defendant's claim that Bill Koch either "fraudulently signed" or "was not authorized to sign" the corporate assignment of mortgage, as unsupported by any evidence "relevant" to this case.  Additionally, the judge determined that default was "established" even if a "certified check was sent on August 25[,] [2011,]" because "[a]fter a default date, plaintiff [was] not obligated to accept any late payments[,]" Eisen v. Kostakos, 116 N.J. Super. 358, 367 (App. Div. 1971).

Turning to the standing issue, the judge noted that "either possession of the note or an assignment of the mortgage that predated the original complaint conferred standing on the plaintiff[,]" Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).  The judge continued:

Here, pursuant to the certification of Ms. Bushnell, plaintiff gained possession of the note and mortgage on January 1, 2007, and was assigned the mortgage on October 31, 2012, both of which were before the filing of the complaint on [March 4, 2013].[2]

I believe the certification of Paige Bushnell properly supports these facts. She is identified as a Document Control Officer of [SPS], the servicer for the bank. The statements in the certification are based on personal knowledge gained [from] the regular performance of the job functions. And also a review of the business records.

The certification complies with the requirements set forth, which held that [Rule 1:6-6] requires that a certification be based on the affiant's personal knowledge. And that . . . the affiant must describe how such personal knowledge was obtained. [Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599-600 (App. Div. 2011)].

I do find that the Bushnell certification does identify how the knowledge of the affiant was obtained, consistent with the Ford requirements.

As for a claim that the note contains some sort of an error, I do[] [not] find any details as to what that error was on the note . . . . I do[] [not] find that to be meritorious to defeat the standing argument or the document argument, in light of the Bushnell certification.

---

[2] Here, the judge mistakenly stated the complaint was filed on July 9, 2013, but referred to the correct filing date earlier in his opinion.

A-1610-17T4

The judge rejected defendants' remaining defenses, including defendants' claim that plaintiff failed to comply with the Fair Foreclosure Act. The judge found the remaining defenses "conclusory, without factual support in affidavits," lacking specificity as required by Rule 4:5-4, and insufficient to defeat the application for summary judgment, Gherardi v. Bd. of Educ., 53 N.J. Super. 349, 358 (App. Div. 1958). The judge entered a memorializing order, striking defendants' answer, entering default against defendants, and transferring the matter to the Office of Foreclosure to proceed as an uncontested matter.

On July 31, 2015, pursuant to Rule 4:64-8,[3] the Office of Foreclosure dismissed plaintiff's complaint without prejudice for lack of prosecution. On

---

[3] Rule 4:64-8 provides,

> when a foreclosure matter has been pending for twelve months without any required action having been taken therein, the Clerk of the Superior Court shall issue written notice to the parties advising that the matter . . . will be dismissed without prejudice [thirty] days following the date of the notice unless, within said period, . . . an affidavit or certification has been filed with the Clerk . . . asserting that the failure of filing or taking the next required action is due to exceptional circumstances. If the plaintiff fails to respond as herein prescribed, the court shall enter an order of dismissal without prejudice . . . . Reinstatement of the matter

A-1610-17T4

October 20, 2015, plaintiff moved to reinstate the foreclosure action. In a supporting certification, plaintiff's counsel, Timothy Ziegler, averred that plaintiff's previous counsel, Zucker, Goldberg and Ackerman, "announced that their firm was closing on or about the same time that the Notice of Intent to Dismiss was issued[,]" and "[p]revious counsel did not file a certification asserting exceptional circumstances in response to the notice." According to Ziegler, his current firm "substituted in as [p]laintiff's counsel" on "July 14, 2015," and "was unaware of the pending dismissal, and thus did not file" the requisite "certification of exceptional circumstances in response to the pending dismissal notice." Defendants opposed plaintiff's motion to reinstate, and certified that Ziegler "omitted [from his certification] that he was employed by previous counsel . . . and Zucker Goldberg [was] still operating."

On January 6, 2016, Judge Moore granted plaintiff's motion to reinstate the complaint, and ordered the default reinstated. In an oral opinion, quoting Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002), the judge explained that "[g]ood cause is an amorphous term under the law" that "'[r]equires the exercise of sound discretion by the trial court

after dismissal may be permitted only on motion for good cause shown.

in light of the relevant facts, and[] circumstances.'"  Additionally, pursuant to Rivera v. Atlantic Coast Rehabilitation & Health Care Center, 321 N.J. Super. 340, 346 (App. Div. 1999), and Ghandi v. Cespedes, 390 N.J. Super. 193, 197 (App. Div. 2007), "[r]einstatement, particularly in these foreclosure actions, is . . . routinely granted where plaintiff has cured the problem that led to the dismissal[,]" and "there is a presumption of good cause, and[] no prejudice to the defendant where a request to reinstate a matter [dismissed] for lack of [prosecution] is made within a year."  Stanley v. Great Gorge Country Club, 353 N.J. Super. 475, 485 (Law Div. 2002).

The judge explained:

> Here, [the] [c]ourt dismissed the present action for lack of prosecution on July 31, 2015.  Within three months of dismissal on October 20, 2015, plaintiff filed the present motion to reinstate.  Presumption of good cause, and[] no prejudice have [not been] sufficiently rebutted by the defendant[s]. . . .
>
> . . . Plaintiff has further established good cause to reinstate the present foreclosure, explaining . . . the [c]ourt . . . initiated . . . notice of intent to dismiss for lack of prosecution was sent to the former counsel at the time the firm had announced its closing, and[] they were in, to say the least, a phase of transition.
>
> When current counsel was substituted as counsel for plaintiff, it was unaware of the pending dismissal notice, and . . . therefore did not file a certification of

exceptional circumstances, which would have taken the matter off of the dismissal list.

I[] [am] satisfied that the unexpected, and[] sudden[,] change in the law firm's representation, notwithstanding the fact that Mr. Ziegler may . . . or, may not have been in charge of this case when he was at the Zucker firm, meets the good cause requirement. Furthermore, reinstatement of the matter will not prejudice defendants. They[] [have] already had an opportunity to fully litigate, and[] appear in the case, and[] defend against it.

On September 29, 2017, plaintiff moved for entry of final judgment in accordance with Rule 4:64-9. In support, plaintiff submitted a "Proof of Amount Due" certification by SPS Document Control Officer, Allen Schneider, certifying to the amounts due and owing, and plaintiff's status as the holder of the note. Defendants did not file any objection or opposition to plaintiff's motion and final judgment of foreclosure was entered on October 20, 2017.[4] This appeal followed.

---

[4] Defendants' failure to file any opposition to the motion for entry of final judgment precludes them from challenging the October 20, 2017 order on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) ("'[I]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" (alteration in original) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))). Moreover, defendants' failure to brief this issue on appeal may be

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). That standard is well-settled.

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Ibid. (citations omitted) (quoting R. 4:46-2(c)).]

Applying these standards, we discern no reason to reverse the grant of summary judgment. Defendants argue the judge erred in concluding that plaintiff had standing, and relying on the Bushnell certification to grant summary judgment. We disagree and affirm substantially for the reasons set forth by Judge Moore in his comprehensive and well-reasoned oral opinion delivered from the bench on June 20, 2014.

---

construed as an abandonment of any arguments contesting the validity of the final judgment. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019); Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (finding plaintiff's claims "abandoned" due to its failure to address the issue in its brief).

Defendants also argue the judge erred in accepting plaintiff's "excuse" as satisfying the "good cause standard for reinstating [the] complaint." Rule 4:64-8 "generally follows [Rule] 1:13-7[.]" Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:64-8 (2019). Under Rule 1:13-7, "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore . . . should be viewed with great liberality[,]" and such determinations are subject to an abuse of discretion standard. Ghandi, 390 N.J. Super. at 197. An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis[,]" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, we discern no abuse of discretion and affirm substantially for the reasons expressed by Judge Moore in his cogent oral opinion issued on January 6, 2016. To the extent we have not specifically addressed any of defendants' remaining arguments, we deem them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1610-17T4